

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**ROBERT EDGAR RAYMOND,**

     Movant-Defendant,

vs.

**CIVIL NO. 02-0124 JC/DJS**
Criminal No. 00-930 JC

**UNITED STATES OF AMERICA,**

     Respondent-Plaintiff.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. This a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28

U.S.C. §2255.

2. Movant challenges the sentence imposed upon him pursuant to a plea of guilty to one

count of Possession With Intent to Distribute Methamphetamine, Its Salts, Isomers, or Salts of its

Isomers in violation of 21 U.S.C. §841(a)(1), and 21 U.S.C. §841(b)(1)(C). Movant's plea resulted

in his incarceration for a sentence of forty-six months. Movant did not file a direct appeal of his

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

1



conviction. In the instant proceeding, he contends that his conviction and sentence should be set aside because he was not afforded the effective assistance of counsel.

3. Movant challenges the performance of his attorney on the ground that counsel failed to inform him of his right to object to portions of the pre-sentence report. Specifically, Movant contends that an offense he committed as a juvenile was improperly considered with regard to his criminal history and resulted in additional three points under the Sentencing Guidelines. In addition, Movant asserts that his sentence improperly exceeded the guideline range of twenty-four months for his offense and that the judgment was not signed by the sentencing judge.

4. Movant's ineffective of assistance of counsel claims must be evaluated in the light of the standard announced in Strickland v. Washington, 466 U.S. 668 (1984). This standard requires him to show that his counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 687-688, 694. In the context of a guilty plea, Movant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). Movant does not describe any act or omission by counsel which can be analyzed by the Court in light of Strickland and Hill. One must speculate where the errors of counsel are hidden in the record, since none are apparent. Although a *pro se* litigant's pleadings must be construed liberally, he is not relieved of the burden of alleging sufficient facts on which a recognized legal claim could be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991).

5. Respondent contends that Movant's counsel was not ineffective for failing to challenge the inclusion of any convictions in the Pre-sentence Report because the conviction upon which Movant bases his claim was imposed when he was seventeen years old and was the result of a

proceeding against Movant as an adult. In support of this contention, Respondent attached a copy of the Indictment and Judgment from the conviction at issue, which was imposed in 1988 in Texas, to its Response.

6. Review of the Judgment entered in the District of New Mexico in CR 00-930 reflects that Movant's date of birth is December 4, 1969. He pleaded guilty to and was convicted of the crime of Forgery in the 287th Judicial District of Texas on April 11, 1988. At that time, Movant would have been eighteen years old and would not have been classified as a juvenile. The Judgement and Sentence imposed in Texas at that time do not reflect that Movant was charged or sentenced as a juvenile offender. Even if Movant was not an adult for legal purposes at the time of the Texas conviction, the state was not precluded from trying and sentencing him as an adult. Kent v. United States, 383 U.S. 541, 561 (1966) set forth the requirements that due process requires the rights to counsel, to access to records, to adequate notice and to a statement of reasons at a hearing to determine whether a juvenile is to be tried as an adult. However, once a court has made a determination that a juvenile be tried as an adult, there is no Constitutional requirement that only a juvenile sentence be imposed. See United States v. McCissick, 204 F.3d 1282, 1301 (10th Cir. 1990)(Different criteria by states for determining when a juvenile can be tried as an adult does not render sentencing scheme utilizing adult convictions of juveniles as predicate offenses for enhancement a violation of due process). Movant has the burden of showing that he was not properly convicted as an adult in Texas, which he has not done. See United States v. Kennedy, 225 F.3d 1187, 1197 (10th Cir.2000) (holding a §2255 petitioner has the burden of proof to overcome presumption of effective assistance of counsel); see also Miles v. Dorsey, 61 F.3d 1459, 1472 (10th Cir. 1995) (In federal *habeas* proceeding the burden is on the petitioner to prove claim of incompetence at trial)

3

cert denied 516 U.S. 1062 (1996).Consequently, Movant cannot show that his counsel was ineffective for failing to challenge the inclusion of that conviction in the pre-sentence report because Movant cannot show that such an effort would have been successful. Because Movant cannot show that counsel's alleged failure prejudiced him or changed the result of his sentencing, he is not entitled to relief on this ground.

7. Movant's claim that his sentence exceeded the guideline range of twenty-four months and that his counsel was ineffective for failing to raise that fact before the sentencing judge is apparently based upon his mis-reading of the judgment. The judgment in Movant's case, attached to Respondent's Amended Response to §2255 Petition as exhibit 3, states that Movant's *imprisonment range* is forty-six to fifty-seven months, based upon an offense level of twenty-one and a criminal history category of III. Below that statement, a box is checked indicating that the sentence imposed upon Movant, described in the document on the second page as forty-six months, is within the *guideline range* and that range does not exceed twenty-four months. Indeed, the range of possible sentences, reflected as the difference between fifty-seven months and forty-six months, is eleven months. The fact that the range of possible sentences does not exceed twenty-four months in scope did not limit the Court to a sentence of twenty-four months or less. Further, the judgment clearly indicates that Movant was facing a possible sentence of anywhere from forty-six to fifty-seven months. Accordingly, there was no apparent basis for Movant's counsel to challenge either the imprisonment range or the guideline range in this case.

8. Movant's challenge to his sentence on the ground that the judgment sentencing him was not signed by the judge presiding over the matter is unavailing. First, the judgment was properly electronically filed on May 4, 2001 and appears in the file from the criminal proceeding against

4

Movant at docket number 45. The signature of the sentencing judge is indicated on the first page of the judgment, although not actually affixed to the electronically filed document. Next, Movant defaulted this claim in that it does not relate to ineffective assistance of counsel and could have been raised on direct appeal, but was not. See United States v. Allen, 16  F.3d 377, 378 (10th Cir.1994) (When a defendant fails to raise a claim other than ineffective assistance of counsel on direct appeal, he is barred from pursuing that claim in a later §2255 proceeding, absent a showing of cause and actual prejudice, or a fundamental miscarriage of justice). For these reasons, Movant should be denied any relief on this claim.

**RECOMMENDED DISPOSITION:**

That the Motion be denied and this matter be dismissed with prejudice.

**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**